# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

KEINO S. CHRICHLOW,                          :
                                             :
                    Petitioner,              :
                                             :
          v.                                 :          Civ. Act. No. 15-943-LPS
                                             :
DANA METZGER, Warden, and                    :
ATTORNEY GENERAL OF THE                      :
STATE OF DELAWARE,                           :
                                             :
                    Respondents.[1]          :

---

Keino S. Chrichlow. *Pro Se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

## MEMORANDUM OPINION

September 17, 2018
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by Petitioner Keino S. Chrichlow ("Petitioner"). (D.I. 1) The State has filed an Answer in Opposition. (D.I. 10) For the reasons discussed, the Court will dismiss the Petition as time-barred.

## II. BACKGROUND

On December 26, 2006, Petitioner was indicted on sixteen counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, and one count of second degree conspiracy. (D.I. 10 at 3) On June 1, 2007, a Delaware Superior Court jury convicted Petitioner on all of the charges. *See State v. Chrichlow*, 2011 WL 7063684, at *1 (Dec. 28, 2011). On October 19, 2007, the Superior Court granted, in part, Petitioner's motion for judgment of acquittal. *See State v. Bridgers*, 988 A.2d 939, 945 (Del. Oct. 19, 2007). As a result, the Superior Court entered judgments of not guilty on nine counts of first degree robbery, and -- for the same counts -- entered guilty verdicts on the lesser-included offense of aggravated menacing. (D.I. 10 at 3) The Superior Court sentenced Petitioner on November 30, 2007 to a total of 54 years of incarceration at Level V, and then resentenced Petitioner on January 17, 2008 to a reduced total of 20 years of incarceration at Level V. (D.I. 10 at 3)

The State filed a notice of appeal, challenging the Superior Court's October 19, 2007 reduction of Petitioner's nine first degree robbery convictions to nine aggravated menacing convictions. *See Chrichlow*, 2011 WL 7063684, at *1. On March 30, 2009, the Delaware Supreme Court affirmed the Superior Court's October 19, 2007 judgment. *See State v. Bridgers*, 2009 WL 824536 (Del. March 30, 2009). Petitioner filed a *pro se* notice of appeal from his January 2008

sentencing order, which the Delaware Supreme Court dismissed as untimely. *See Chrichlow v. State*, 976 A.2d 171 (Table), 2009 WL 2027250, at *1 (Del. July 14, 2009).

On January 26, 2010, Petitioner filed his first *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 10 at 4) The Superior Court denied the motion on December 28, 2011, and the Delaware Supreme Court affirmed that decision on July 30, 2012. *See Chrichlow*, 2011 WL 7063684, at *5; *Chrichlow v. State*, 49 A.3d 1192 (Table), 2012 WL 3089403 (Del. July 30, 2012).

Petitioner filed his second Rule 61 motion on October 23, 2012. (D.I. 10 at 5) The Superior Court denied the motion on March 28, 2013. *See State v. Chrichlow*, 2013 WL 2423118 (Del. Super. Ct. Mar. 28, 2013). Petitioner did not appeal that decision.

On April 21, 2014, Petitioner filed his third Rule 61 motion, which the Superior Court summarily dismissed on May 6, 2014. *See State v. Chrichlow*, 2014 WL 3563388 (Del. Super. Ct. May 6, 2014). The Delaware Supreme Court affirmed that decision on August 26, 2014. *See Chrichlow v. State*, 100 A.3d 1020 (Table), 2014 WL 4243629 (Del. Aug. 26, 2014).

The instant Petition is dated October 2015, and asserts that: (1) Petitioner was "denied due process and equal protection of the law" because trial counsel failed to (a) file a notice of appeal; (b) advise him of his right to appeal; and (c) order trial transcripts or borrow his co-defendant's copy of the trial transcripts; and (2) Petitioner was "denied equal protection of the law" because trial counsel failed to request, and the judge failed to give, an accomplice level of liability instruction pursuant to 11 Del. C. § 274.

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of

2

limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest

of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2015, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

As a general rule, it is a petitioner's act of seeking, or failure to seek, direct review of his conviction that constitutes the trigger for determining the date on which a judgment of conviction becomes final under § 2244(d)(1)(A). For instance, when a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final when the

time for petitioning for certiorari expires – generally 90 days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). In contrast, if the state prisoner does not appeal the state court judgment, his judgment of conviction becomes final upon expiration of the period allowed for seeking direct review in the state appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 155 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires.").

In this case, the State -- not Petitioner -- filed a direct appeal. The Court has not found any case addressing the issue of whether the one-year limitations period in these circumstances begins to run: (1) upon the expiration of Petitioner's time to seek direct review, since Petitioner did not pursue an appeal; or (2) at the conclusion of direct review, since the State did pursue an appeal. Given the neutrality of § 2244(d)(1)(A)'s language,[2] the Court concludes that the one-year limitations period began to run on the date on which the direct review of Petitioner's criminal judgment concluded.

"[D]irect review of a state court criminal judgment includes the right to seek certiorari review in the United States Supreme Court." *Kapral*, 166 F.3d at 575. Here, the Delaware Supreme Court affirmed the Superior Court's judgment of conviction on March 30, 2009, and certiorari review of that decision was not sought. Consequently, Petitioner's conviction became final on June 29, 2009.[3]

---

[2]Section 2244(d)(1(A) does not refer to either party. Rather, the focus in determining the date of finality is whether direct review was or was not sought.

[3]The State asserts that the 90-day period to seek certiorari review should not be added to date of the Delaware Supreme Court's affirmance (March 30, 2009) when calculating the date of finality, because Petitioner did not have a right to seek such review given the fact that the State was the party who filed the direct appeal. (D.I. 10 at 7 n.20) The Court disagrees, since § 2244(d)(1)(A) does not require a specific party to initiate the appeal process.

*See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Applying the one-year limitations period to that date, Petitioner had until June 29, 2010 to timely file his Petition. *See Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, i.e., the limitations period expires on the anniversary of the triggering event). However, Petitioner did not file his Petition until October 15, 2015,[4] more than five years after the expiration of the limitations period. Therefore, his habeas Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). However, the limitations period is not tolled during the 90 days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that

---

[4]Pursuant to the prison mailbox rule, the Court adopts as the date of filing the date Petitioner certified giving the Petition to prison officials for mailing – October 15, 2015 (D.I. 1 at 16). *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

is untimely under state law has no statutory tolling effect because it is not considered properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

In this case, the first post-conviction motion constituting a properly-filed application for collateral review under § 2244(d)(2) is the Rule 61 motion Petitioner filed on January 26, 2010.[5] On the date of that filing, 210 days of AEDPA's limitations period had elapsed. The Superior Court denied the Rule 61 motion on December 28, 2011, and the Delaware Supreme Court affirmed that decision on July 30, 2012. Therefore, Petitioner's first Rule 61 motion tolled the limitations from January 26, 2010 through July 30, 2012.

The limitations clock started to run again on July 31, 2012, and ran 84 days until Petitioner filed his second Rule 61 motion on October 23, 2012. The Superior Court denied the second Rule 61 motion on March 28, 2013, and Petitioner did not appeal. Consequently, the second Rule 61 motion tolled the limitations period from July 31, 2012 through April 29, 2013,[6] which includes the 30 days Petitioner had to appeal the Superior Court's denial of the motion.

The limitations clock started to run again on April 30, 2013, and ran the remaining 71 days without expiration until the limitations period expired on July 10, 2013. Petitioner's third Rule 61 motion does not have any statutory tolling effect because it was filed on April 21, 2014, approximately nine months after the expiration of the limitations period. For all of these reasons, the Petition is time-barred, unless equitable tolling is available.

_____

[5]Petitioner's May 2009 appeal from his January 2008 sentencing has no statutory tolling effect, because the Delaware Supreme Court dismissed the appeal as untimely on July 14, 2009. Petitioner's motions for transcripts, filed in September 2009 and November 2009, also have no statutory tolling effect, because they were not applications for collateral review.

[6]The 30-day appeal period actually expired on April 28, 2013, a Sunday. Therefore, the time to appeal extended through the end of the day on Monday, April 29, 2013.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance . . . and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner appears to contend that the limitations period should be equitably tolled because the Superior Court denied his requests for the appointment of counsel and his requests for transcripts during his Rule 61 proceedings. (D.I. 1 at 13) These arguments are unavailing, because he has failed to demonstrate how these circumstances actually prevented him from timely filing his Petition. *See Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (requiring prisoner to demonstrate causal relationship between alleged extraordinary circumstances and his late filing). For instance, Petitioner did not need transcripts in order to present Claim One in a federal habeas petition. As for Claim Two, the record reveals that Petitioner had sufficient transcripts to formulate his argument as early as February 2010, which was more than five years before he filed the instant Petition. (DI. 14-1 at 10, Entry No. 56) Finally, to the extent Petitioner's untimely filing was the result of his own

7

miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at \*5-6 (D. Del. May 14, 2004).

For all of these reasons, the Court concludes that equitable tolling is not available on the facts presented by Petitioner. Accordingly, the Court will dismiss the instant Petition as time-barred.[7]

## IV. PENDING MOTION

During the pendency of this proceeding, Petitioner filed a one sentence Motion to Withdraw his Petition. (D.I. 23) The State filed a Response in opposition. (D.I. 24) Given the Court's decision to deny the Petition as time-barred, the Court will dismiss as moot Petitioner's Motion to Withdraw.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

---

[7]Given this conclusion, the Court will not address the State's alternate reasons for dismissing the Petition.

## VI.   CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254 is **DENIED**.  An appropriate Order will be entered.